## SUPREME COURT.

### ORVIS agt. GOLDSCHMIDT *et al.*

*Attachment—In action against two joint defendants, service of summons upon one within thirty days is sufficient—What notice subjoined to summons is sufficient—Complaint—What sufficient verification of—Code of Civil Procedure, sections* 459-526.

Where a warrant of attachment is granted in an action against two joint defendants, a service of the summons upon one of the defendants within thirty days is sufficient compliance with the provision of the Code in that regard.

That the notice subjoined to the summons was not subscribed by the attorney, and omitted to state the day of the month on which the order for substituted service was made, were not fatal or jurisdictional defects.

Where all the allegations of a complaint are stated to be on information and belief, it is a sufficient verification that the complaint is true as the affiant is informed and believes.

*Special Term, October,* 1882.

*Herman Frank,* for the motion.

*Herbert E. Kenny,* opposed.

POTTER *J.*—This is a motion to set aside the service of a summons and complaint by substitution, and a warrant of

attachment. The motion is made on behalf of one of two joint defendants, upon technical grounds only, and he appears in the action only for the purposes of the motion.

The grounds of the motion are that the summons was not served within thirty days after granting the warrant of attachment. I think the point is covered by service upon one of the defendants within that time, and that the proof of such service is sufficient.

I think the notice subjoined to the summons is a sufficient compliance with the statute. The defects complained of are that it was not subscribed by the attorney and omits to state the day of the month on which the order for substituted service was made. I do not think either of these defects are fatal or jurisdictional. The warrant of attachment may accompany the issuing of the order, and so may precede the commission of either of these irregularities in procuring an order for substituted service, and so be valid until failure to serve the summons in time.

The further, and in my mind the most serious objection is that the order for substituted service was void, and hence there has not been and could not be any valid service of the summons under it. The contention is that the complaint presented for procuring the order of publication was not verified (*Sec.* 439, *Code of Civ. Pro.*) All the allegations of the complaint in this case are stated to be upon information and belief. The verification is that the foregoing complaint is true as the affiant is informed and believes. Section 526, Code of Civil Procedure, prescribes that the verification of a pleading shall be to the effect that the pleading is true to the knowledge of the deponent except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true. There are two ways of making the allegations of pleadings recognized by the rules of pleadings : one is absolute or unqualified, and the other qualifiedly upon information and belief. In many, perhaps a majority of the cases, the pleader employed both methods in the same plead-

ing. In other cases but one mode of statement is used. The formula for verification was intended to be short, and is adapted as found in section 526, to a pleading containing both modes of statement. But the verification is only required to be adapted to and be appropriate to the mode of statement on the pleading. If the mode of statement in the pleading is absolute, then the verification shall be absolute; but if the mode of statement is qualified, then the verification should be qualified. To employ the twofold method of verification of a pleading which contains but one mode of statement is a waste of words, for they serve no purpose. A pleading is verified when the deponent affirms the truth of the allegations in the manner and to the degree stated in the pleading. This is verifying a pleading in effect according to the knowledge of the pleader.

My conclusion is that the pleading in this case was well verified.